IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DUSTY ALLEN McSPARRAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-cv-0762-DGK |
| ) | |
| LUKE LITTLE, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON MOTIONS IN LIMINE

This case arises from Plaintiff Dusty McSparran's allegation that Defendant Kansas City, Missouri, Police Department Officer Luke Little used excessive force in arresting him. Plaintiff contends he was in the process of complying with Officer Little's directive to get on the ground when Officer Little "smashed" his face into the ground, causing serious injuries. Officer Little contends he was merely pulling Plaintiff to the ground because he believed Plaintiff was planning to escape. Officer Little also contends it is unclear how Plaintiff's face was fractured, because a few days before the incident, someone punched Plaintiff in the face during a fight, causing him to fall and hit his head on the concrete, knocking him unconscious.

Now before the Court are the parties' motions in limine. The Court grants in part Defendant's motions (Doc. 62), and denies Plaintiff's motion (Doc. 64).

**I.  Defendant's motions are granted in part.**

**1.  Plaintiff may not give medical testimony, and the Court will carefully monitor his testimony regarding the cause of his injuries and any diagnosis he attempts to offer.**

Officer Little first moves to exclude Plaintiff from offering any medical opinions concerning causation, including that his actions caused Plaintiff to suffer: (1) permanent

flattening of the right side of his face; (2) facial fractures; (3) permanent nerve damage; and (4) hearing loss.  Defendant argues that there are two possible causes of Plaintiff's injuries, thus any testimony regarding medical causation—that is, that Officer Little's actions caused a particular medical result—must be supported by expert testimony.  But Plaintiff has not designated any medical experts, and any testimony that Officer Little's actions continue to cause Plaintiff injury is purely speculative.

Plaintiff responds that Eighth Circuit law provides that "a causal connection between an event and an injury may be inferred in cases in which a visible injury or a sudden onset of injury occurs."  *Ziesmer v. Hagen*, 785 F.3d 1233, 1238-39 (8th Cir. 2015) (holding that although the plaintiff's account of how badly he was injured seemed unlikely, particularly given evidence to the contrary from the defendant's expert, that was a credibility question for the jury to decide).

The Court cannot tell from the existing record whether Plaintiff's previous fight was a sufficiently likely cause of his injury that he needs expert medical testimony to establish that Officer Little caused his injuries.  Accordingly, the Court reserves ruling on this point until it hears the evidence at trial.

If Plaintiff is permitted to testify about what he believes caused his injuries, the Court will circumscribe his testimony about the extent of his injuries and his prognosis.  For example, Plaintiff will not be permitted to testify or argue that he has "permanent" nerve damage, hearing loss, and flattening of the right side of his face.  He may, however, testify that he has not been able to hear since that incident, and that his face has looked different ever since the incident.  Under no circumstance will Plaintiff be permitted to give medical testimony.

2

**2. Testimony that Plaintiff was "set up" or that his arrest was unlawful is not admissible.**

Officer Little moves to preclude Plaintiff from arguing that he was "set up" or that his arrest was unlawful. As discussed in the Court's summary judgment order (Doc. 5), because Plaintiff pled guilty to two crimes stemming from this incident, he cannot contest the lawfulness of his arrest. Accordingly, Plaintiff will not be permitted to elicit evidence or argue that he was wrongfully "set up" or his arrest was somehow unlawful. The focus of the trial will be on whether Officer Little used excessive force under the circumstances. This motion is GRANTED.

**3. Any testimony that unnamed officers laughed at Plaintiff's injuries and called him a "sissy" is not admissible.**

Plaintiff claims that following the incident, while he was at the hospital, unidentified officers and detectives laughed at his injuries and called him a "sissy." Officer Little moves to exclude such evidence. Officer Little notes he was never at the hospital, and that whether Plaintiff was teased at the hospital is not relevant to whether he used excessive force.

Plaintiff contends the behavior of Officer Little's "brothers on the police force" is relevant, but does not explain why.

This motion is GRANTED.

**4. Testimony that unnamed officers harassed Plaintiff after his release from prison in 2014 is inadmissible.**

Officer Little also moves to exclude evidence concerning Plaintiff's allegation that after he was released from prison in 2014, unnamed officers harassed him.

The Court holds that since this is an excessive force case, such allegations are irrelevant. The motion is GRANTED.

### 5. Allegations of excessive force beyond this case are inadmissible.

Officer Little moves to exclude other allegations of excessive force unrelated to Plaintiff or Officer Little.

In his response, Plaintiff indicates that he does not intend to present evidence of excessive force beyond the arrest at issue in this case.

This motion is GRANTED.

### 6. The Court cannot rule on the request to exclude evidence beyond the scope of the action.

Officer Little also moves to exclude "any evidence of claims or causes of action that go beyond the scope of the pleadings," that is, any evidence not relating to Plaintiff's claim of excessive force against Officer Little. Plaintiff, unsure of what evidence Officer Little might be referring to, suggests the motion should be denied as moot.

Motions in limine should be directed at specific evidence, not broad, vague categories of evidence or testimony. *See Sappington v. Skyjack, Inc.*, No. 04-5076-CV-SW-FJG, 2008 WL 895222, at *7 (W.D. Mo. Mar. 27, 2008) (denying motion in limine which lacked specificity). Accordingly, this portion of the motion is DENIED WITHOUT PREJUDICE. If Plaintiff seeks to admit testimony at trial that goes beyond the scope of the pleadings, Officer Little should object to that specific information.

### 7. The Court cannot rule on Officer Little's request to bar any witness who has not been disclosed.

Similarly, Officer Little moves to exclude Plaintiff from calling any witnesses (other than himself) because he has not disclosed such witnesses.

Officer Little has not identified any specific witness he asserts should be precluded, and the Court cannot tell from the existing record whether Plaintiff has complied with the various

4

rules governing disclosure of witnesses. Consequently, this request is DENIED WITHOUT PREJUDICE because it is insufficiently specific. *Id*.

**8. Plaintiff may not attempt to use motions filed with the Court as evidence.**

Officer Little notes that his previously filed motions (e.g., motion for summary judgment, discovery motions, etc.) are not evidence and may not be used or referred to in closing argument. Plaintiff responds that he has no intention of offering such testimony or argument.

The motion is GRANTED.

**9. The motion to exclude evidence on punitive damages is denied without prejudice.**

Officer Little moves to exclude any evidence or argument regarding punitive damages, claiming that even if he caused Plaintiff's head to hit the concrete while arresting him, this would not justify awarding punitive damages. Plaintiff responds that this argument is really a motion for summary judgment or directed verdict on this issue of punitive damages, not a motion in limine.

The Court agrees the motion is akin to a motion for summary judgment or directed verdict. Accordingly, the motion is DENIED WITHOUT PREJUDICE.

**10. Plaintiff will not offer evidence concerning sources of payment for any judgment.**

Finally, Officer Little moves to exclude any evidence that the Board of Police Commissioners or the State of Missouri may pay any judgment entered against him, similar to the role an insurance company providing insurance coverage would play. Plaintiff responds that he has no intention of offering such testimony or argument.

The motion is GRANTED.

## II. Plaintiff's motion is denied.

Plaintiff moves to exclude any evidence regarding his numerous criminal convictions, other than to state that he has previously been convicted and incarcerated.

Federal Rule of Evidence 609 provides that to attack a witness's character for truthfulness in a civil case, such evidence "must be admitted, subject to Rule 403." Additionally, some of Plaintiff's felony convictions may be admissible as substantive evidence in this excessive force case because the record suggests that at the time he arrested Plaintiff, Officer Little was aware of Plaintiff's lengthy criminal history, including his propensity to engage in assaultive behavior (three convictions for misdemeanor assault, one conviction for felony resisting arrest, and one conviction for domestic assault) and that Plaintiff had been using methamphetamine before the incident. This information would inform a reasonable police officer's decision about the level of force to use.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: October 12, 2016           /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT